# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUNTER ROBERTS CONSTRUCTION GROUP, LLC,<br>  Plaintiff,<br>   v.<br>J. RIHL, INC. d/b/a COSTA & RIHL MECHANICAL CONTRACTORS, INC., CITY MECHANICAL, INC., JOHN B. RIHL, THOMAS APICELLA, SAMUEL F. ROSSI, and MARK WASHINGTON.<br>  Defendants. | CIVIL NO. 12-7751(NLH)(AMD)<br><br>**OPINION** |

**APPEARANCES:**
JOSEPH A. BATTIPAGLIA
DUANE MORRIS LLP
30 SOUTH 17TH STREET
PHILADELPHIA, PA 19103-4196
   *On behalf of plaintiff*

BRETT ADAM BERMAN
JASON C. MANFREY
MICHAEL G. MENKOWITZ
FOX ROTHSCHILD LLP
2000 MARKET STREET
10TH FLOOR
PHILADELPHIA, PA 19103
   *On behalf of defendants*

**HILLMAN**, District Judge

   This case involves claims subcontractors failed to perform work and pay labor costs, materials, and union dues on construction projects in New Jersey and Pennsylvania.  Presently before the Court is the motion of the individual defendants to dismiss plaintiff's claims against them.  For the reasons expressed below, the individual defendants' motion will be granted.

## I. BACKGROUND

Plaintiff, Hunter Roberts Construction Group, LLC, is a general contractor and construction manager who hires subcontractors to supply materials and perform work on projects for various customers. Plaintiff entered into nine subcontracts with defendants, J. Rihl, Inc. d/b/a Costa & Rihl Mechanical Contractors, Inc. ("Costa") and City Mechanical, Inc.,[1] to perform HVAC and plumbing work on several construction projects in New Jersey and Philadelphia, Pennsylvania. Plaintiff claims that it made progress payments to defendants based on their representations that they had paid material suppliers, laborers, sub-subcontractors, and the union with the funds they received from plaintiff. Plaintiff claims that defendants, however, used the progress payment funds for other purposes. As a result, plaintiff contends that suppliers and contractors have made claims against plaintiff's performance and payment bonds, issued by Liberty Mutual, for defendants' non-payment, and plaintiff is liable for the amount Liberty Mutual pays on those bonds. Additionally, plaintiff claims that certain material suppliers and contractors filed liens against the properties and funds for the monies owed to

---

[1] Costa and City Mechanical failed to file an answer or otherwise respond to plaintiff's complaint, and pursuant to plaintiff's request under Fed. R. Civ. P. 55(a), the Clerk entered default against these defendants. Plaintiff's next step under Rule 55(b) is to seek default judgment.

2

them by defendants, and plaintiff will incur costs to have those liens removed.  Moreover, plaintiff contends that it has directly paid the suppliers and contractors that defendants failed to pay.

In addition to failing to make proper payments, plaintiff claims that defendants improperly performed their work, delayed the progress on the projects, failed to provide adequate staffing, and failed to provide the necessary materials.  Plaintiff claims that defendants refused to complete the projects, forcing plaintiff to hire replacement contractors and purchase materials to complete defendants' work.

Based on these allegations, plaintiff has brought suit against Costa and City Mechanical, as well as John Rihl, CEO of Costa and Secretary and Treasurer of City Mechanical, Thomas Apicella, Vice-President of City Mechanical, Samuel Rossi, Secretary and CFO of Costa, and Mark Washington, President of City Mechanical, making the following claims: Count I (all defendants) - Breach of Statutory Trust pursuant to Construction Trust Fund Act, N.J.S.A. 2(a):44-148; Count II (all defendants) - Fraudulent Inducement and Negligent Misrepresentation; Count III (all defendants) - Breach of New Jersey Consumer Fraud Act; Count IV (all defendants) - Conversion; Count V (against Costa) - Breach of Subcontract; Count VI (against City Mechanical) - Breach of Subcontract; Count VII - Federal RICO (all defendants); Count VIII - (all defendants) New Jersey RICO; Count IX - (individual defendants) - Individual

3

liability for participation in wrongful corporate acts.

The individual defendants have moved to dismiss all of plaintiff's claims against them for failure to properly state viable claims. Plaintiff has opposed the individual defendants' motion.

## II. DISCUSSION

**A.  Jurisdiction**

Plaintiff's asserts federal question jurisdiction under 28 U.S.C. § 1331 based on its claim brought under the federal RICO statute.[2]

**B.  Motion to Dismiss Standard**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to

---

[2] Plaintiff also asserts that diversity jurisdiction pursuant to 28 U.S.C. § 1332 alleging complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. The Court notes that the parties' citizenship has not been pleaded properly, and in the event that the federal RICO claim is dismissed from the case, the Court may lack subject matter jurisdiction over the action. See Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'")(citing Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n., 554 F.2d 1254, 1256 (3d Cir. 1977)); id. (the citizenship of an LLC is determined by the citizenship of each of its members); 28 U.S.C. § 1332(d)(2)(A); see also Tanzymore v. Bethlehem Steel Corp., 457 F.2d 1320, 1324 n.5 (3d Cir. 1972) ("A naked averment that one is a 'domiciliary' or a 'resident' of a state is insufficient[;]" citing Sun Printing & Publishing Ass'n. v. Edwards, 194 U.S. 377, 382, 24 S. Ct. 696, 697 (1904)).

4

Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . .

5

provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950). Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). A complaint must do more than allege the plaintiff's entitlement to relief. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden

of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice.  S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

**C. Analysis**

In their motion to dismiss, the individual defendants argue that plaintiff has failed to sufficiently plead any of its claims against them.  The individual defendants argue that not only does plaintiff fail to meet the heightened pleading standard for fraud-based claims required by Federal Civil Procedure Rule 9(b), plaintiff has not even met the more basic requirements of Rule

7

8(a). The Court agrees.[3]

Federal Civil Procedure Rule 8(a) provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). With regard to claim involving fraud, the Rules require that "a party must state with particularity the circumstances constituting fraud or mistake," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. (9)(b). Concomitant with these Rules, the Twombly/Iqbal pleading standard, as detailed above, requires that a claim must be pled with enough factual matter to suggest the required elements necessary to prove

---

[3] Because the Court finds that plaintiff's entire complaint fails to properly state its claims against the individual defendants, the Court will not set forth the legal elements for proving each of those claims. The Court notes, however, that aside from its federal RICO claim, plaintiff's claims are based on New Jersey law. Neither side challenges the application of New Jersey law, despite plaintiff's location in New York, and the defendants' and projects' locations in New Jersey and Pennsylvania. The Court does not find cause to *sua sponte* challenge the application of New Jersey law at this time. See Schiavone Const. Co. v. Time, Inc., 735 F.2d 94 (3d Cir. 1984) (citation omitted) (declining to *sua sponte* determine whether the application of New Jersey law, agreed to by the parties, was proper); see also Owens v. American Hardware Mut. Ins. Co., 2012 WL 6761818, 3 (D.N.J. 2012) (citing Aetna Sur. and Cas. Co. v. Sacchetti, 956 F. Supp. 1163, 1168 (D.N.J. 1996) (citing Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)) (explaining that when a federal court sits in diversity jurisdiction, the court must apply the law of the state in which it sits, including the choice of law rules of the forum state; the Court must therefore look to New Jersey's choice of law rules to determine what law a New Jersey court would apply).

that claim.

In this case, plaintiff makes allegations against all defendants collectively, without making any allegations specifically as to the individually defendants. Plaintiff alleges that "Defendants" or "Costa and City Mechanical" acted or failed to act in various ways, resulting in contract breaches, fraud, and RICO violations. Other than naming the individual defendants in the caption and in the listing of the parties involved, the complaint fails to articulate the violative conduct allegedly perpetrated by the four individual defendants, merely naming them as principals of Costa and City Mechanical.

Even though plaintiff is not required to plead its claims with intricate detail, Rule 8(a), Rule 9(b), and Twombly/Iqbal all require plaintiff to provide "some specificity" as to which defendant committed what harm, and how he did so. See, e.g., Twombly, 550 U.S. at 558 (insisting "upon some specificity in pleading before allowing a potentially massive factual controversy to proceed" to an "inevitably costly and protracted discovery phase"). This is particularly important in cases involving claims of fraud and conspiracy. See, e.g., In re Insurance Brokerage Antitrust Litigation, 618 F.3d 300, 369-70 (3d Cir. 2010) (citation omitted) (explaining that "a RICO claim must plead facts plausibly implying the existence of an enterprise with the structural attributes identified in Boyle: a shared 'purpose, relationships

9

among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose'"); Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (citations omitted) ("Pursuant to Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.' To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.").

Moreover, in order to hold a corporate officer personally liable for a tort committed by the corporation, he must be sufficiently involved in the commission of the tort. Saltiel v. GSI Consultants, Inc., 788 A.2d 268, 272 (N.J. 2002). Under this "participation theory" of personal liability, a "predicate to liability is a finding that the corporation owed a duty of care to the victim, the duty was delegated to the officer and the officer breached the duty of care by his own conduct." Id.

Here, plaintiff has not expressed which individual defendant committed what wrong. Thus, when evaluating plaintiff's complaint under the motion to dismiss standard, the Court cannot accept the "allegations in the complaint as true" regarding John Rihl, Thomas Apicella, Samuel Rossi, and Mark Washington, because the complaint is devoid of any allegations specifically concerning Rihl,

Apicella, Rossi, and Washington.  Without any factual allegations, the Court cannot then determine whether the individual defendants were "sufficiently involved" in the torts alleged by plaintiff so that plaintiff has stated a "plausible claim for relief."  The lack of specificity of plaintiff's claims against the individual defendants is fatal to its claims.

## CONCLUSION

Accordingly, for the reasons expressed above, the individual defendants' motion to dismiss plaintiff's claims against them must be granted.  Plaintiff's claims against the individual defendants are dismissed without prejudice, to plaintiff's right to file an amended complaint consistent with the Federal Rules of Civil Procedure.[4]

An appropriate Order will be entered.

Date: July 9, 2013                              s/ Noel L. Hillman
At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.

---

[4] Plaintiff states in its opposition brief that if its complaint is dismissed against the individual defendants, it should be afforded the opportunity to amend.  Except in civil rights cases, however, a court is not obligated to afford a plaintiff the opportunity to amend his complaint, either *sua sponte* or following the dismissal of the complaint pursuant to a motion to dismiss.  Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).  Plaintiff must follow Federal Civil Procedure Rule 15.

11